IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BBCN BANK as successor in interest to Foster Bank, | ) )  ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HYE KYUNG KIM and GOLD COAST BANK, | ) ) ) |
| Defendants. | ) ) |

No. 15-cv-2464

Judge Robert M. Dow, Jr.

## MEMORANDUM ORDER AND OPINION

Plaintiff BBCN Bank ("BBCN"), as successor in interest to Foster Bank, filed a mortgage foreclosure complaint against Defendants Hye Kyung Kim ("Kim") and Gold Coast Bank ("Gold Coast") concerning real property located at 803 South Buena Road, Lake Forest, Illinois 60045 (the "Property"). This matter is now before the Court on BBCN's motion for summary judgment, default judgment, and judgment of foreclosure and sale [13] and BBCN's motion to appoint a special commissioner [6]. For the reasons stated below, the Court grants BBCN's motions [6 and 13]. Summary Judgment is entered against Kim. Default Judgment is entered against Gold Coast Bank for failing to answer the Complaint or file an appearance. A separate Judgment of Foreclosure and Sale Decree will be entered.

### I. Background

#### A. Fact Statements

Local Rule of Civil Procedure 56.1 requires a party moving for summary judgment to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." N.D. Ill. R. 56.1(a)(3). The statement "shall consist of short numbered paragraphs" that refer to "materials relied upon to support the facts set forth." N.D. Ill. R. 56.1(a). The party opposing summary judgment is then required to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R. 56.1(b)(3)(B).

In this case, none of the parties have complied with Local Rule 56.1. BBCN did not file a Local Rule 56.1 Statement and the two Defendants failed entirely to respond to BBCN's motion [13]. Nonetheless, in the interest of resolving this matter, the Court will exercise its discretion in the direction of leniency and consider BBCN's assertions of fact to the extent they

are supported by the evidence BBCN has submitted. *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (making clear that, although district courts have discretion to require strict compliance with Rule 56.1, "[i]t does not follow * * * that district courts cannot exercise their discretion in a more lenient direction: litigants have no right to demand strict enforcement of local rules by district judges").

### B. Factual Background

On or about April 11, 2008, Foster Bank lent Defendant Kim the sum of $436,000. Kim executed a note in favor of Foster Bank for $436,000 ("Note"). To secure the Note, Kim executed a mortgage ("Mortgage") on the Property. Foster Bank secured its interest in the Note by recording a mortgage with the Lake County Recorder of Deeds on April 25, 2008. Pursuant to the Note and Mortgage, Kim was required to make monthly payments of principal and interest to Foster Bank.

On July 22, 2011, Defendant Gold Coast recorded a mortgage on the Property (the "Junior Mortgage").

On April 11, 2013, the Note matured and Kim's full payment to Foster Bank was due. Kim did not pay the note in full by that date.

On July 24, 2013, Foster Bank and BBCN merged and united under the name BBCN Bank. The Comptroller of Currency approved the merger on August 13, 2013.

On January 16, 2014, BBCN sent Kim a letter informing Kim that he was in default under the Note and Mortgage because he failed to make full payment on the Note by April 11, 2013. BBCN stated that the total amount of principal and interest due under the Note was $261,463.89, plus fees and costs. BBCN told Kim that he had thirty days from receipt of the letter to dispute the validity of the debt or to cure the default by paying $261,439.89. BBCN explained that Kim's failure to cure the default could result in foreclosure.

Kim responded to BBCN's letter on February 10, 2015. Kim told BBCN that he was seeking house counseling from Gold Coast, that he was in the middle of the refinancing process, and that he planned to pay off the Note.

On March 23, 2015, BBCN filed a complaint [1] to foreclose on the Mortgage and to recover under the Note.

On June 4, 2015, Kim filed an answer and affirmative defenses [11]. Gold Coast did not file an answer.

BBCN now moves for summary judgment against Kim and default judgment against Gold Coast [13]. BBCN also asks the Court to enter a judgment of foreclosure and sale of the Property, to award BBCN its reasonable attorneys' fees and expenses, and to appoint a special commissioner to sell the Property.

## II. Analysis

### A. Legal Standards

BBCN has moved for summary judgment against Kim and Kim has failed to respond to the motion. Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

BBCN has moved for default judgment against Gold Coast on the ground that Gold Coast failed to respond to BBCN's complaint or to file an appearance. Gold Coast has also failed to respond to the motion for default. A party is in default if it fails to plead or otherwise defend. Fed. R. Civ. P. 55(a). Upon application, the court may enter a default judgment if the amount at issue is not for a sum certain. Fed. R. Civ. P. 55(b)(2). The decision to enter a default judgment lies within the discretion of the district court. See *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). The Seventh Circuit has stated that a default judgment "may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007); see also *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (holding that "the district court is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly," as shown by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence"). In deciding whether to enter a default judgment, courts generally consider "[t]he amount of money potentially involved, the presence or absence of disputed factual issues or issues of public importance, whether the default was largely technical, whether the plaintiff was substantially prejudiced by the delay, and whether the grounds for default are clearly established." *Tygris Asset Fin., Inc. v. Szollas*, 2010 WL 2266432, at *2 (N.D. Ill. June 7, 2010) (quoting *American Nat. Bank and Trust Co. of Chicago v. Alps Electric Co., Ltd.*, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002)). See also 10A C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D, § 2685 (listing some of the many factors that a district court is "free to consider").

### B. Applicable Law

This matter is before the Court pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332. In diversity cases, the Court applies federal procedural law and state substantive law. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir.

2010). Here, Illinois substantive law applies because the case involves the foreclosure of a mortgage on real property that is located in Illinois.

### C. Mortgage Foreclosure

BBCN, the current holder of the Note and assignee of the Mortgage, moves for summary judgment against Kim and default judgment against Gold Coast. BBCN argues that it is entitled to judgment against Kim on the Note, in the amount of $261,463.89 plus interest and reasonable attorneys' fees, because Kim failed to pay the Note in full by its maturity date. BBCN requests that the Court appoint a special commissioner to conduct a sale of the Property to satisfy the judgment against Kim. BBCN also argues that it is entitled to default judgment against Gold Coast because Gold Coast failed to file an answer or appearance in this case. The entry of default against Gold Coast would clear title to the Property so the Property can be sold at a special commissioner's sale.

Under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq.*, a mortgage is "any consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation." 735 ILCS 5/15-1207. "[F]rom the time a mortgage is recorded it shall be a lien upon the real estate that is the subject of the mortgage for all monies advanced or applied or other obligations secured in accordance with the terms of the mortgage or as authorized by law * * *." 735 ILCS 5/15-1301. Generally speaking, a lien that is properly recorded has priority over and is entitled to satisfaction before liens that are subsequently recorded on the same property. See, *e.g.*, *Union Planters Bank, N.A. v. FT Mortgage Companies*, 794 N.E.2d 360, 363-64 (2003). The holder of a mortgage may face a foreclosure action if he does not timely comply with his obligations under the mortgage. "To foreclose" means "to terminate legal and equitable interests in real estate pursuant to a foreclosure." 735 ILCS 5/15-1203. In Illinois, a party bringing a mortgage foreclosure action must attach a copy of the note and mortgage to its complaint. 735 ILCS 5/15-1504.

Defendants, by failing to respond to BBCN's motion [13], have not made any attempt to establish that a genuine issue of fact exists concerning BBCN's entitlement to judgment against them. Copies of the Mortgage and Note were attached to BBCN's complaint and its motion. This factual record demonstrates that there are no genuine issues of material fact with respect to any elements of BBCN's foreclosure claim: namely, that (1) Kim has a Mortgage on the Property; (2) the Mortgage was recorded before the junior Gold Coast Mortgage; (3) Kim failed to pay the Mortgage in full by the date full payment was due; and (4) Kim defaulted on the Mortgage. In light of Defendants' failure to properly contest any of BBCN's statements of fact, BBCN has shown that Defendant Kim executed the Note and Mortgage and then defaulted under the terms of the Note and Mortgage. BBCN also has shown that its Mortgage takes priority over and must be satisfied before the later-recorded Gold Coast Mortgage.

Furthermore, BBCN has shown that it suffered damages as a result of Kim's actions. BBCN has presented evidence demonstrating that Kim owes it $261,463.89, plus interest of $35.70 per day after December 19, 2014. BBCN also has provided documentation showing that it has incurred $3,143.75 in attorneys' fees and costs in seeking recovery of its damages. Because BBCN has submitted uncontroverted evidence supporting all elements of its mortgage

foreclosure claim against Defendants, the Court: (1) grants summary judgment in favor of BBCN and against Defendant Kim; (2) grants default judgment in favor of BBCN and against Defendant Gold Coast; and (3) awards BBCN the relief it requests, as set forth more fully in the conclusion and in the Judgment of Foreclosure and Sale entered this date.

### III.  Conclusion

For the reasons stated above, the Court grants BBCN's motion for summary judgment, default judgment, and judgment of foreclosure and sale [13]. Summary judgment is entered against Kim. Default judgment is entered against Gold Coast Bank. The full details of the judgment are set forth more fully in the separate Judgment of Foreclosure and Sale entered this date, including the award of $261,463.89, plus interest of $35.70 per day after December 19, 2014, and $3143.75 in attorneys' fees and costs.  Furthermore, for the purposes of sale, the Court also grants BBCN's motion to appoint a special commissioner [6] and appoints The Judicial Sales Corporation as Special Commissioner for the purposes of conducting a public foreclosure sale of the Property in accordance with the terms set forth in the Judgment of Foreclosure and Sale.

Dated: December 21, 2015

Robert M. Dow, Jr.
United States District Judge